

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00188-CR

---

ISAIAH MONTELONGO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0842, Honorable Douglas H. Freitag, Presiding

---

January 30, 2025

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Isaiah Montelongo, appeals his conviction for murder[1] and sentence to life in prison. Appellant's brief was originally due November 27, 2024, but we granted Appellant's appointed counsel two extensions to file a brief due to counsel's caseload. By letter of January 14, 2025, we admonished Appellant's counsel that failure to file a brief by January 27 could result in the appeal being abated and the cause remanded to

---

[1] *See* TEX. PENAL CODE ANN. § 19.02(c).

the trial court for further proceedings without further notice. On January 27, 2025, Appellant's counsel filed a third motion requesting an extension to February 26 to file a brief, again due to caseload.

We deny Appellant's third motion for extension, abate the appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant is indigent;

3. why a timely appellate brief has not been filed on behalf of Appellant;

4. whether Appellant's counsel has abandoned the appeal;

5. whether Appellant has been denied the effective assistance of counsel;

6. whether new counsel should be appointed; and

7. if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is also directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by March 3, 2025. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint new counsel; the name, address, email address, phone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before February 10, 2025, he is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.